IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert H. Green,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Major Vaughn, Sheriff Chad McBride, A. Belk, and T. Kerr,<br><br>　　　　　　Defendants. | C/A No. 1:21-cv-3259-JFA-SVH<br><br><br>**ORDER** |

Plaintiff, Robert H. Green, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the Magistrate Judge assigned to this action[1] issued an order informing the Plaintiff that his complaint was insufficient as it did not state a claim upon which relief could be granted and provided him until October 25, 2021, to file an amended complaint. (ECF No. 7). Plaintiff did not file an amended complaint that addressed those deficiencies.

Thereafter, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 10). Within the Report, the Magistrate Judge opines that the complaint is subject to summary dismissal with prejudice and without issuance and service

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on October 28, 2021. *Id.* The Magistrate Judge required Plaintiff to file objections by November 12, 2021. *Id.* Plaintiff failed to file objections or otherwise address the deficiencies in his complaint. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that the Plaintiff's pleadings fail to state a claim upon which relief could be granted as to any Defendant.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the

---

[2] To protect against possible abuses, this statute allows a district court to dismiss certain cases upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 10). Consequently, this matter is summarily dismissed with prejudice and without issuance and service of process.

IT IS SO ORDERED.

November 29, 2021  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge